IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HATTIE M. ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-3796 |
| | § | |
| PHH MORTGAGE, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court is Defendants PHH Mortgage and Ocwen Financial's Partial Motion to Dismiss Plaintiff's Claims Under Texas Property Code § 51.002. (Doc. No. 6). Plaintiff Hattie Anderson has not responded, and the time to do so has since passed. After reviewing the motion, the pleadings, and the applicable law, this Court **GRANTS** the motion.

### I. BACKGROUND

This is a contested foreclosure suit brought by Plaintiff Hattie M. Anderson ("Plaintiff" or "Anderson") against PHH Mortgage and Ocwen Financial (collectively "Defendants"), arising out of Defendants' attempted foreclosure of the real property located at 5426 Bent Bough Lane, Houston, Texas 77088. (Doc. No. 6 at 1). Plaintiff originally filed her case in the 333rd Judicial District Court of Harris County, and Defendants removed to this Court under diversity jurisdiction. (Doc. No. 1-3 at 1; Doc. No. 1 at 2). In her state-court Petition, Plaintiff brought four causes of action against Defendants: (1) forgery and fraud, (2) quiet title, (3) violation of Chapter 51.002 of the Texas Property Code, and (4) declaratory judgment that Defendants violated the Notice of Sale statute. (Doc. No. 1-4 at 4–6). She also sought injunctive relief to prevent the foreclosure and was

granted that relief the same day she filed her state-court Petition—August 4, 2025. (*Id.* at 7; Doc. No. 1-3 at 2).

Subsequently, Defendants moved to dismiss Plaintiff's claims arising under section 51.002 of the Texas Property Code for failure to state a claim under Rule 12(b)(6). (Doc. No. 6 at 2). That motion is ripe for resolution.

## II. LEGAL STANDARD

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

2

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. ANALYSIS

In her Petition, Plaintiff alleges that Defendants violated section 51.002 of the Texas Property Code by failing to provide the minimum 20-day notice of default and the notice of intent to accelerate before the scheduled foreclosure sale. (Doc. No. 1-4 at 6). In their Motion, Defendants argue that any claims Anderson has brought under section 51.002 must be dismissed because this section does not provide a private right of action, so Plaintiff has failed to state a claim upon which relief can be granted. (Doc. No. 6 at 3).

Under Texas law, there is no private right of action for violation of Texas Property Code § 51.002. *Carey v. Wells Fargo, N.A.*, No. H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016); *Ashton v. BAC Home Loan Serv., L.P.*, No. 4:13-CV-810, 2013 WL 3807756, at *2 (S.D. Tex. July 19, 2013). Instead, courts have construed complaints about a violation of section 51.002 as claims for wrongful foreclosure. *Carey*, 2016 WL 4246997, at *3. In Texas, an inadequate selling price is a necessary element of a wrongful foreclosure action, so a foreclosure sale is precondition to recovery. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011).

Here, Plaintiff has not pleaded that a foreclosure sale has occurred or that she is no longer in possession of the property. In fact, based upon the record, the state court restrained the foreclosure sale. (Doc. No. 1-3 at 2) (Order Granting Temporary Restraining Order). Defendants also maintain that foreclosure has not occurred, and Plaintiff does not refute that assertion. (Doc. No. 6 at 3). Plaintiff has therefore failed to plead a plausible claim for wrongful foreclosure. *See, e.g., Smith v. J.P. Morgan Chase Bank N/A*, No. H–10–3730, 2010 WL 4622209, at *2–3 (S.D.

3

Tex. Nov. 4, 2010) (Rosenthal, J.) (dismissing wrongful foreclosure claim under Rule 12(b)(6) where no foreclosure sale occurred, because of failure to state claim recognized under state law). Accordingly, Defendants' Partial Motion to Dismiss is **GRANTED** and Plaintiff's claims arising under Texas Property Code § 51.002 are **DISMISSED** without prejudice under Rule 12(b)(6), and alternatively as not being ripe.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss is **GRANTED**, and Plaintiff's claims arising under Texas Property Code § 51.002 are **DISMISSED** without prejudice.

It is so ordered.

Signed on this the 26th day of January, 2026.

Andrew S. Hanen
United States District Judge